# Exhibit 20

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **National Council of Nonprofits** et al., <br><br> *Plaintiffs* <br><br> v. <br><br> **Linda McMahon** et al., <br><br> *Defendants* | Case No. 25-cv-13242-MJJ |

### DECLARATION OF KA RIN JOHNSON

I, Ka Rin Johnson, declare under penalty of perjury, under 28 U.S.C. § 1746, that the following is true and correct:

1. I am a licensed clinical social worker and a member of the National Association of Social Workers (NASW). I am above the age of 18 and have personal knowledge of the facts set forth in this Declaration.

**Education and Employment**

2. I have a bachelor's degree in psychology, which I completed in 2007, and a master's degree in social work, which I completed in 2014.

3. I have worked in PSLF-qualifying government jobs in Oregon—at both the state and local government levels—my entire career. I currently work as a Behavioral Health Specialist II for the Oregon Department of Corrections, where I have been employed in various positions since 2017. In my current position, I provide psychosocial skills development and psychotherapy for individuals, housed at the highest level of care, in Oregon's custody.

***Reliance on the PSLF Program***

4. I have structured nearly all of my major career decisions around the PSLF program.

5. To begin, I would not have enrolled in a master's program for social work if not for PSLF. Such degrees are quite expensive: I was forced to borrow approximately $136,000 in federal loans to pay for my master's program. Social workers generally do not make enough money to comfortably pay off that amount of debt, even in the private sector. Nor could my parents afford to pay for my education. I knew that I would not be able to afford to pay back my loans without the PSLF program.

6. Securing loan forgiveness has therefore continued to play a primary role in my career decisionmaking. For example, I have worked in qualifying government jobs the entirety of my career and have stayed in my current role much longer than I otherwise would have in order to complete my qualifying loan payments. My current job at the Department of Corrections, which involves providing mental health services to adults in custody, is very taxing. As the Department itself notes in its current advertisements for similar job openings, behavioral health specialists must exercise "vigilance and awareness" because they regularly interact with "adults in custody that may become physically and/or verbally abusive," including while "out of visual range of security staff."[1]

7. The stress of this job has taken a real toll on me. Correctional environments provide exposure to unique environmental stressors, as well as unavoidable exposure to traumatic events and vicarious trauma experiencing, which require regular attention and care to

---

[1] Oregon Job Opportunities, Behavioral Health Specialist 2, Qualified Mental Health Professional (last visited February 5, 2026), https://perma.cc/G3HA-KXX9.

address. Accordingly, I have been looking forward to transitioning away from my government job and into a private practice as soon as I have completed my PSLF qualifying payments. In fact, I have been diligently planning for that transition by slowly building a small private practice in my free time, over the last three years.

8. I have also structured my financial and living decisions around the PSLF program. For example, like most people who benefit from the PSLF program, I initially enrolled in an income-driven repayment plan with the goal of keeping my payments as low as possible. This seemed like a wise financial decision at the time because making lower payments allowed me to save money, while minimizing the amount of the loans I had to pay myself. But this decision only made sense because the PSLF program would forgive any debt that remained after I had made 120 qualifying payments. In fact, the decision would be a very *bad* financial strategy if the loans are not ultimately forgiven: by minimizing my payments, I have ensured that my debt has skyrocketed in the meantime. Making small payments means that my payments have largely gone towards interest, while paying down very little (if any) of the principal. That interest has since compounded and my debt has grown substantially over the years. Although I borrowed approximately $136,000, I now owe approximately $173,000—$37,000 more than the initial amount. If not for the PSLF program and my expectation that I would obtain loan forgiveness, I would never have taken out such a large loan, nor allowed the debt to balloon in such a fashion.

9. I likewise have structured my housing decisions around the PSLF program. Like many Americans, I purchased a home as part of my larger efforts to build equity and invest in my future. Without the PSLF program and the promise of loan forgiveness, that investment would not have been financially possible for me and I would not have taken on a mortgage to buy my home.

*Injuries from PSLF Rule*

10. If the PSLF Rule goes into effect, I am deeply concerned that my employer, Oregon State, will lose its status as a qualifying PSLF employer because Oregon is listed as a "sanctuary jurisdiction" by the Department of Justice. My understanding is that, under the new PSLF rule, employers will be disqualified if they aid or abet violations of federal immigration law. I also know that the Department of Justice and the Administration more broadly have stated that "sanctuary jurisdictions" like Oregon "use their authority to violate, obstruct, and defy the enforcement of Federal immigration laws."[2] I am therefore deeply concerned that Oregon may no longer qualify as an eligible PSLF employer if the rule goes into effect.

11. If that happens while I am still completing my qualifying payments,[3] I will face tremendous career, financial, and emotional difficulties.

12. The very best outcome I could hope for would be to obtain another PSLF qualifying job. Whether I could do so is uncertain and, even if I could, gaining such employment would be extremely disruptive to my career and life.

13. To begin, even if I could find a new PSLF-qualifying job and even if I could succeed in getting hired—which is not guaranteed—I would be forced to delay my long-held

---

[2] Department of Justice, *Justice Department Publishes List of Sanctuary Jurisdictions* (Aug. 5, 2025), https://perma.cc/3UYC-VHMW.

[3] Although I graduated more than 10 years ago and have worked solely at PSLF-qualifying government jobs ever since, I have not yet made 120 qualifying PSLF payments on any of the loans I took out for my master's degree. This is because my loans were put into forbearance during the pandemic and, separately, because I have been on a non-qualifying repayment plan for the past 17 months. I have been making efforts to get back on a qualifying repayment plan for the last 13 months. Although that process has been slow-going due to various bureaucratic hurdles, I anticipate that I will eventually get back onto a qualifying repayment plan and resume making qualifying payments.

plans to transition to private practice while I look for a new qualifying job. As noted above, I have been planning and working towards that goal for some time.

14. Moreover, I fear that I would have a difficult time finding a job with a PSLF qualified employer in Salem, Oregon, where I live. The State of Oregon is the largest employer in the area, employing approximately 25% of the workforce in Salem and, as I just mentioned, will likely lose PSLF-eligibility. Moreover, I worry that other large employers in the area, such as Marion County, are also at risk of losing eligibility under the rule because they provide direct services to immigrant populations, including persons without lawful presence in the country. Additionally, the vague and broad language utilized by the new rule limits my ability to make potential plans for the future, as there is no clarity around how to locate employers who will still qualify for the program.

15. Finding a PSLF-qualifying job would thus be an uncertain and difficult exercise—one that may very well require me to physically move. Such a development would be extremely disruptive to my life, requiring me to sell my home and leave behind my community.

16. If I am unable to obtain a new qualifying job, I will pay a tremendous financial cost. I would be required to pay the full amount of my current debt (~$173,000), which I simply cannot afford. I would likely never be able to climb out of debt and would be at risk of defaulting on my loans with severe consequences for my credit and financial health. Such an outcome would undermine everything I have worked so hard for in my life.

17. The changes to PSLF rules have been incredibly stressful for me, especially after participating in this program and successfully completing all requirements for so long. The potential financial and emotional impacts to me, if the Public Service Loan Forgiveness program is no longer a feasible option, are enormous.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 5, 2026

*[signature]*
Ka Rin Johnson