IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATIONAL COUNCIL OF NONPROFITS, *et al.*, | ) ) |
| Plaintiffs, | ) CASE NO. 1:25-CV-13242-MJJ |
| v. | ) ) |
| LINDA MCMAHON, *et al.*, | ) ) |
| Defendants. | ) |

**CONSENT MOTION BY LGBTQ+ EQUALITY ORGANIZATIONS FOR LEAVE TO FILE *AMICI CURIAE* MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

GLBTQ Legal Advocates & Defenders, Lambda Legal Defense and Education Fund, Inc., OutFront Minnesota, Equality California, PFLAG Greater Boston, One Colorado, National Black Justice Collective, Services and Advocacy for GLBTQ+ Elders (SAGE), National Women's Law Center, and Our Family Coalition (collectively, "LGBTQ+ Equality Organizations") respectfully move for leave to submit the attached brief of *amici curiae* in support of Plaintiffs' Motion for Summary Judgment, Dkt. No. 48-1. On February 18, 2026, the parties consented to the filing of this *amici* brief.

LGBTQ+ Equality Organizations are leading public interest legal and advocacy organizations dedicated to creating a just society free of discrimination, including on the basis of sexual orientation, transgender status, and HIV status. They are represented by GLBTQ Legal Advocates & Defenders and Lambda Legal Defense and Education Fund, Inc., which have litigated many cases to advance the rights of LGBTQ+ people and people living with HIV, including before the U.S. Supreme Court, the Court of Appeals for the First Circuit, and this Court. *See, e.g.*, *Obergefell v. Hodges*, 576 U.S. 644 (2015); *United States v. Skrmetti*, 605 U.S. 495 (2025); *Gill v. Off. of Pers. Mgmt.*, 682 F.3d 1 (1st Cir. 2012); *Doe v. Mass. Dep't of Corr.*, No.

1

17-12255-RGS, 2018 U.S. Dist. LEXIS 99925 (D. Mass. June 14, 2018). Their litigation has sought to eliminate discriminatory barriers to healthcare for LGBTQ+ people, including transgender people, across the country. *See, e.g.*, *S.F. AIDS Found. v. Trump*, 786 F. Supp. 3d 1184 (N.D. Cal. 2025) (finding that an executive order targeting funding for programs serving transgender people likely violates plaintiffs' constitutional rights); *PFLAG, Inc. v. Trump*, 769 F. Supp. 3d 405 (D. Md. 2025) (similar); *Doe v. Ladapo*, 737 F. Supp. 3d 1240, 1268, 1270-72 (N.D. Fla. 2024), *appeal pending*, No. 24-11996 (11th Cir. filed June 18, 2024) (finding substantial evidence of animus motivating transgender healthcare ban and declaring ban unconstitutional).

Although the Federal Rules of Civil Procedure are silent as to participation from *amici curiae*, "courts have inherent authority and discretion to appoint amici." *Bos. Gas Co. v. Century Indem. Co.*, No. 02-12062-RWZ, 2006 U.S. Dist. LEXIS 41133, at *4 n.1 (D. Mass. June 21, 2006). In addition, "[d]istrict courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved," especially where "the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (quoting *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003)); *see also Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997). In fact, in this case, the Court anticipated *amicus* participation by setting a deadline of February 24, 2026, to file briefs in support of the Plaintiffs. Scheduling Order, *Nat'l Council of Nonprofits v. McMahon*, No. 1:25-cv-13242 (D. Mass. Dec. 11, 2025), ECF No. 37.

*Amici*'s proposed brief will aid the Court in the resolution of this matter by offering their unique perspective on one specific provision of the Rule. That provision disqualifies organizations

"[e]ngaging in" essential medical treatment for transgender adolescents and young adults under age 19 "in violation of Federal or State law" from the Public Service Loan Forgiveness program because they are defined as having a "substantial illegal purpose." 90 Fed. Reg. 48966, 49000/2, 49001/2 (Oct. 31, 2025). Because of *amici curiae*'s experience advocating for equal rights and opportunities for transgender people and litigating cases involving barriers to transgender healthcare, LGBTQ+ Equality Organizations offer a unique perspective—different from Plaintiffs—that will be valuable to this Court in resolving the legal issues raised by the case at bar. Specifically, *amici* raise additional arguments that are specific to this provision, offer expertise in the constitutional questions implicated by the provision, and share their unique perspectives about the harms this provision would cause LGBTQ+ individuals.

For these reasons, *amici curiae* request that this Court grant their motion and accept the attached memorandum for filing.

Dated: February 24, 2026

Respectfully submitted,

*/s/ Joshua Rovenger*
Joshua Rovenger (BBO #688141)
jrovenger@gladlaw.org
Sarah Austin (*pro hac vice* pending)
saustin@gladlaw.org
Benjamin Marcus (*pro hac vice* pending)
bmarcus@gladlaw.org
GLBTQ LEGAL ADVOCATES &
DEFENDERS
18 Tremont Street, Suite 950
Boston, MA 02108
(617) 426-1350

Nathan Maxwell (*pro hac vice* pending)
nmaxwell@lambdalegal.org
LAMBDA LEGAL DEFENSE &
EDUCATION FUND, INC.
3656 North Halsted Street
Chicago, IL 60613
(312) 663-4413

*Counsel for Amici Curiae*