IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| National Council of Nonprofits et al.,<br><br>　　　　　　*Plaintiffs*,<br>　v.<br><br>Linda McMahon et al.,<br><br>　　　　　　*Defendants*. | Case No. 1:25-cv-13242-MJJ |

**UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE*
IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

The Lawyers' Committee for Civil Rights Under Law and the American Civil Liberties Union (collectively, "Proposed Amici") respectfully request leave to file the attached brief as *amici curiae* in support of Plaintiffs' motion for summary judgment. Plaintiffs and Defendants consent to the filing of the brief. A proposed order accompanies this motion.

In accordance with the Court's Scheduling Order of December 11, 2025, Dkt. No. 36, this motion and accompanying brief is timely because amicus briefs in support of Plaintiff are due by February 24, 2026, and because Proposed Amici are filing this motion on the date the parties agreed such amicus briefs would be due.

Proposed Amici certify that (1) their proposed brief was authored entirely by counsel for amicus curiae and not by counsel for any party, in whole or in part; (2) no party or counsel for any party contributed money to fund preparation or submission of the proposed brief; and (3) no other person contributed money to fund preparation or submission of it. *See* Fed. R. App. P. 29(a)(4)(E).

As civil rights organizations that advocate for racial justice, have brought civil rights litigation against the current Administration and, are qualified 501(c)(3) nonprofits eligible to participate in the PSLF program, Proposed Amici have a significant interest in the outcome of this

case and, through their brief, provide a unique perspective on the civil rights and racial justice issues that are implicated by the new PSLF Rule. Proposed Amici thus submit their brief for the Court's consideration.

**LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW**. The Lawyers' Committee for Civil Rights Under Law ("Lawyers' Committee") is a nonpartisan civil rights organization founded in 1963 by the nation's leading lawyers at the request of President John F. Kennedy to secure equal justice for all through the rule of law by targeting the inequities confronting Black communities and other communities of color. The Lawyers' Committee uses legal advocacy to achieve racial justice and to ensure that Black people and other people of color have the voice, opportunity, and power to make the promises of our democracy real. As part of this work, the Lawyers' Committee has participated as counsel or amicus curiae in cases addressing race, ethnicity, and national origin discrimination in a wide range of subjects, including education, employment, health care and fair housing. *See, e.g.*, *Am. All. for Equal Rts. v. Fearless Fund Mgmt., LLC*, 103 F.4th 765 (11th Cir. 2024); *Students for Fair Admissions, Inc. v. President & Fellows of Harv. Coll.*, 600 U.S. 181 (2023); *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327 (2020). Lawyers' Committee is committed to defending principles of diversity, equity, and inclusion ("DEI"). To that end, Lawyers' Committee has led litigation challenging government actions that threaten DEI programs nationwide, including to challenge the current administration's wide-ranging assault on lawful DEI programs. *See, e.g.*, *Chi. Women in Trades v. Trump*, 778 F. Supp. 3d 959 (N.D. Ill. 2025); *Freedom Network, USA v. Trump*, No. 25-cv-12419 (N.D. Ill.); *Nat'l Digit. Inclusion All. v. Trump*, No. 1:25-cv-03606 (D.D.C.).

**AMERICAN CIVIL LIBERTIES UNION**. American Civil Liberties Union ("ACLU") has been our nation's guardian of liberty, working in courts, legislatures, and communities to

defend and preserve the individual rights and liberties that the Constitution and the law of the United States guarantee to everyone in the country for over 100 years. With more than six million members, activists, and supporters, the ACLU is a nationwide organization that fights tirelessly in all 50 states, Puerto Rico, and Washington D.C. for the principles of liberty and equality. Relevant here, ACLU is dedicated to upholding racial equality and combatting racism in all forms, including discrimination in education, housing, fair lending, policing, the criminal justice system, racial profiling, abusive debt collection practices, and indigenous justice. In support of these principles, the ACLU has long led litigation challenging attempts to treat DEI efforts as unlawful in schools and research, including the recent government assault on lawful DEI programs.[1] *See, e.g.*, *Nat'l Educ. Ass'n v. Dep't of Educ.*, 779 F. Supp. 3d 149 (D.N.H. 2025); *Nat'l Insts. of Health v. Am. Pub. Health Ass'n*, 145 S. Ct. 2658 (2025).

## DISCUSSION

Courts have broad discretion in deciding "whether to permit amicus participation." *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970). Granting leave is likely appropriate where the parties consent or the proposed amicus "has a special interest that justifies [its] having a say[.]" *Id*. The role of an amicus curiae "is to assist the court in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 308 F.R.D. 39, 52 (D. Mass.), aff'd, 807 F.3d 472 (1st Cir. 2015) (quoting *Sierra Club v. Wagner*, 581

---

[1] *See also Pernell v. Fla. Bd. of Governors of State Uni. Sys.*, 641 F. Supp. 3d 1218 (N.D. Fla. 2022), *appeals docketed*, Nos. 22-13992, 22-13994 (11th Cir. 2022); *Local 8027 v. Edelblut*, No. 21-cv-1077-PB, 2024 WL 2722254 (D.N.H. 2024), *appeal docketed*, No. 24-1690 (1st Cir. 2024); *Black Emergency Res. Team v. Drummond*, 737 F. Supp. 3d 1136 (W.D. Okla. 2024), *appeals docketed*, Nos. 24-6139, 24-6140, 24-6141 (10th Cir. 2024).

2

F.Supp.2d 246, 250 n.1 (D.N.H. 2008); *Newark Branch, N.A.A.C.P. v. Town of Harrison, N.J.*, 940 F.2d 792, 808 (3d Cir. 1991) (internal quotation omitted).

Proposed Amici's brief meets these criteria. As an initial matter, this case is of general public importance and implicates issues of constitutional law and civil rights—issues that Proposed Amici are uniquely positioned to discuss given their decades of experience engaging in legal advocacy on behalf of Black people and other people of color—often against the government, including this Administration. As discussed in their brief, the PSLF program is a vital tool for closing the racial wealth gap in this Country. Proposed Amici's brief presents data for the Court demonstrating how the Rule will worsen existing racial and economic disparities, as Black people work at PSLF-eligible jobs at significant rates and rely heavily on student loans and loan forgiveness.

Proposed Amici's brief further discusses the harm to nonprofit organizations stemming from the Rule's unconstitutionally vague language. The Rule violates the Constitution because it lacks articulated standards, failing to provide notice to PSLF-eligible employers and borrowers and encouraging discriminatory enforcement In doing so, the Rule threatens to upend and unconstitutionally politicize the PSLF program because it vests the Secretary of Education with authority to unilaterally disqualify an eligible employer from the program upon determining that an employer has a "substantial illegal purpose." If an employer is deemed ineligible for PSLF, employees could no longer count employment for that organization towards the required 120 qualifying payments and likely would leave for higher paying jobs to manage their student debt. In their brief, Proposed Amici discuss the concern that the new Rule would severely hinder the ability of nonprofit employers whose views the Administration does not agree with to recruit and retain the diverse talent they need to carry out their mission-driven work.

Accordingly, the attached brief will assist the Court in deciding this case by providing additional relevant information not included in the parties' briefs. Proposed Amici's status as qualified employers, coupled with their extensive experience advancing civil rights makes them uniquely positioned to examine the Rule's unconstitutionality and the harms that will flow to nonprofit organizations who provide critical services in the public interest.

## CONCLUSION

For these reasons, Proposed Amici respectfully request that the Court grant this motion for leave to file the attached brief as *amici curiae*.

Dated February 24, 2026

Leah Watson *
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St, 18th Flr
New York, NY 10004
lwatson@aclu.org
Tel: (212) 519-7855

*Attorneys for amici curiae
Lawyers' Committee for
Civil Rights Under Law and
American Civil Liberties Union*

\* *Application to appear
pro hac vice forthcoming*

Respectfully submitted,

/s/ *Maya A. Brodziak*
Maya A. Brodziak (Mass. Bar No. 696480)
Sumayya Saleh *
Michael Pillera *
Freya Jamison *
Adria Bonillas *
Chavis Jones *
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street NW, Suite 900
Washington, D.C. 20005
mbrodziak@lawyerscommittee.org
ssaleh@lawyerscommittee.org
mpillera@lawyerscommittee.org
fjamison@lawyerscommittee.org
abonillas@lawyerscommittee.org
cjones@lawyerscommittee.org
Tel: (202) 662-8600

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 24, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have consented to electronic notification.

                                                                   */s/ Maya A. Brodziak*
                                                                   Maya A. Brodziak (Mass. Bar No. 696480)
                                                                   LAWYERS' COMMITTEE FOR
                                                                   CIVIL RIGHTS UNDER LAW
                                                                   1500 K Street NW, Suite 900
                                                                   Washington, D.C. 20005
                                                                   mbrodziak@lawyerscommittee.org
                                                                   Tel: (202) 662-8339