**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF MASSACHUSETTS**

**National Council of Nonprofits** et al.,

*Plaintiffs*

v.

**Linda McMahon** et al.,

*Defendants*

**Case No. 25-cv-13242-MJJ**

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT**

# TABLE OF CONTENTS

Table of Authorities ..... ii
Introduction ..... 1
Background ..... 1
A. The PSLF Rule ..... 1
B. This Litigation ..... 1
Legal Standard ..... 2
Argument ..... 3
I. Plaintiffs are entitled to an award of fees and expenses. ..... 3
A. This motion is timely. ..... 3
B. Plaintiffs are fee-eligible organizations. ..... 3
C. The Eligible Plaintiffs are prevailing parties. ..... 4
D. The government cannot show its position was substantially justified. ..... 4
E. No special circumstances make an award unjust. ..... 7
II. Eligible Plaintiffs' requested amount is reasonable. ..... 7
A. The hours expended are reasonable. ..... 7
B. An hourly rate of $267.57 is reasonable. ..... 9
C. The requested expense amount is reasonable. ..... 10
D. The requested amount is discounted by the ratio of Eligible Plaintiffs. ..... 10
Conclusion ..... 10

## TABLE OF AUTHORITIES

**Cases**

*Attrezzi, LLC v. Maytag Corp.*,
436 F.3d 32 (1st Cir. 2006) .......... 10

*Benally v. United States Off. of Navajo & Hopi Indian Relocation*,
154 F.4th 630 (9th Cir. 2025) .......... 5

*Buckhannon Bd. Care & Home Inc. v. W. Va. Dep't of Health & Human Res.*,
532 U.S. 598 (2001) .......... 4

*Carvalho v. Moniz*,
No. CV 26-11583-LTS, 2026 WL 2660091 (D. Mass. Sept. 10, 2026) .......... 9

*Castaneda-Castillo v. Holder*,
723 F.3d 48 (1st Cir. 2013) .......... *passim*

*Commissioner, INS v. Jean*,
496 U.S. 154 (1990) .......... 5, 7, 8

*Hadden v. Bowen*,
851 F.2d 1266 (10th Cir. 1988) .......... 6

*Hensley v. Eckerhart*,
461 U.S. 424 (1983) .......... 4, 7, 8, 9

*McDermott v. Marcus, Errico, Emmer & Brooks, P.C.*,
53 F. Supp. 3d 312 (D. Mass. 2014) .......... 10

*Me. Sch. Admin. Dist. No. 35 v. Mr. R.*,
321 F.3d 9 (1st Cir. 2003) .......... 4

*Nat'l Council of Nonprofits (NCN) v. McMahon*,
836 F. Supp. 3d 265 (D. Mass. 2026) .......... *passim*

*Nee v. Kijakazi*,
No. 20-cv-11837, 2022 WL 21770532 (D. Mass. Oct. 24, 2022) .......... 4

*Patricia H. v. O'Malley*,
No. 1:23-cv-00117, 2024 WL 1701546 (D. Me. Apr. 19, 2024) .......... 7

*Role Models Am., Inc. v. Brownlee*,
353 F.3d 962 (D.C. Cir. 2004) .......... 5

*Saysana v. Gillen*,
614 F.3d 1 (1st Cir. 2010) .......... 5

*Sierra Club v. Sec'y of Army*,
820 F.2d 513 (1st Cir. 1987) .......... 2

*Sierra Club v. U.S. Army Corp. of Eng'rs*,
776 F.2d 383 (2d Cir. 1985)........................................................................... 10

*Taucher v. Brown-Hruska*,
396 F.3d 1168 (D.C. Cir. 2005)........................................................................ 7

*United States v. 1,378.65 Acres of Land*,
794 F.2d 1313 (8th Cir. 1986)......................................................................... 2

**Statutes**

28 U.S.C. § 2412............................................................................................*passim*

**Regulations**

34 C.F.R. § 685.219......................................................................................... 1

90 Fed. Reg. 48966 (Oct. 31, 2025)................................................................... 1

**Other Authorities**

*Consumer Price Index for All Urban Consumers (CPI-U) 2016-2026*, U.S. Bureau of Labor Statistics, https://data.bls.gov/pdq/SurveyOutputServlet?data_tool=dropmap&series_id=CUUR0100SA0,CUUS0100SA0 (last visited Nov. 15, 2026)..................................... 9

## INTRODUCTION

Plaintiffs National Council of Nonprofits ("NCN"), Amica Center for Immigrant Rights ("Amica"), Coalition for Humane Immigrant Rights ("CHIRLA"), Legal Aid Society of the District of Columbia ("Legal Aid DC"), and Oasis Legal Services ("Oasis") (collectively, "Eligible Plaintiffs") respectfully seek an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"). Defendants' actions that prompted this case, and their arguments in this litigation, lacked substantial justification, and Plaintiffs are entitled to recover $101,782.02 in fees for the hours their attorneys reasonably expended in challenging the Department of Education's unlawful rule, plus additional fees for any additional hours expended litigating this motion. Plaintiffs are further entitled to $4,273.74 in expenses.

## BACKGROUND

### A. The PSLF Rule

This case arose out of the Department of Education's 2025 rulemaking regarding the Public Service Loan Forgiveness ("PSLF") program. The program encourages participation in public service by forgiving the student loans of borrowers who complete 10 years of service with "qualifying employer[s]." 34 C.F.R. § 685.219(a)-(b). In an attempt to disqualify employers whose political positions differ from those of the Trump-Vance Administration, the Department promulgated a rule that imposed new conditions for eligibility (the "Final Rule"). 90 Fed. Reg. 48966, 48966 (Oct. 31, 2025). The new conditions would have excluded entities whose mission and policies conflict with the Administration's agenda on immigration, race, gender, free speech, and public protest.

### B. This Litigation

Seeking to challenge the Final Rule, Plaintiffs retained as counsel Democracy Forward Foundation and Protect Borrowers—two national organizations with respective expertise in

administrative law and student debt. On November 3, 2025, Plaintiffs brought suit against the Department of Education and its Secretary, Linda McMahon under the Administrative Procedure Act (APA) and the Constitution to challenge the PSLF Rule. Pls.' Compl., Dkt. No. 1. Plaintiffs subsequently filed an amended complaint and moved for summary judgment, seeking declaratory judgment and vacatur of the Rule. Pls.' Am. Compl., Dkt. No. 46; Pls.' Mot. Summ. J., Dkt. No. 48; Proposed Order, Dkt. No. 48-2. The parties proceeded to brief cross-motions for summary judgment, as well as Defendants' motion to dismiss. Dkt. Nos. 48, 110, 112, 113, 114. The Court held a hearing on the motions on June 3, 2026.

On June 30, 2026, the Court granted summary judgment in favor of Plaintiffs. *Nat'l Council of Nonprofits (NCN) v. McMahon*, 836 F. Supp. 3d 265 (D. Mass. 2026), Dkt. No. 127. The Court held that the Rule exceeded the Department's statutory authority and conflicted with the PSLF statute, *id.* at 307-08; was arbitrary and capricious, *id.* at 308-14; and violated the First Amendment, *id.* at 314-17. Based on these holdings, the Court granted Plaintiffs the full relief they sought, declaring the rule unlawful and setting it aside. *Id.* at 317-18.

**LEGAL STANDARD**

The Equal Access to Justice Act ("EAJA") provides that courts "shall award to a prevailing party other than the United States fees and other expenses … incurred by that party in any civil action … brought by or against the United States" unless "the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The "EAJA is designed to 'encourage relatively impecunious private parties to challenge abusive or unreasonable governmental behavior by relieving such parties of the fear of incurring large litigation expenses.'" *Sierra Club v. Sec'y of Army*, 820 F.2d 513, 516-17 (1st Cir. 1987) (quoting *United States v. 1,378.65 Acres of Land,* 794 F.2d 1313, 1315-16 (8th Cir. 1986)).

## ARGUMENT

Plaintiffs are entitled to an award of attorneys' fees here, and their requested fee amount is reasonable.

### I. Plaintiffs are entitled to an award of fees and expenses.

Five requirements must be met for Plaintiffs to be eligible for fees and expenses under the EAJA: they must (1) file a timely motion, (2) qualify as a "party" eligible for fees, and (3) have prevailed; (4) the government's position must not have been "substantially justified"; and (5) there must be no special circumstances that make an award unjust. *See* 28 U.S.C. § 2412(d). All five requirements are satisfied here.

#### A. This motion is timely.

The EAJA requires a party seeking fees to submit an application for such fees "within thirty days of final judgment in the action." *Id.* § 2412(d)(1)(B). The statute defines a "final judgment" as "a judgment that is final and not appealable, and includes an order of settlement." *Id.* § 2412(d)(2)(G). In this case, Defendants appealed but then stipulated to dismiss the appeal, and the court of appeals dismissed the appeal on October 26, 2026. *See* Judgment, Dkt. No. 132; Mandate, Dkt. No. 133. The Court's judgment therefore became "final and not appealable" on October 26, 2026, and this motion is filed within thirty days of that date.

#### B. Plaintiffs are fee-eligible organizations.

The EAJA limits the types of litigants that are potentially eligible for awards of fees and expenses. *See* 28 U.S.C. § 2412(d)(1)(A), (d)(2)(B) (allowing awards to a "prevailing party" and defining "party" as individuals and organizations who meet certain criteria). As relevant here, fee-eligible litigants include tax-exempt 501(c)(3) organizations that "had not more than 500 employees at the time the civil action was filed." *See id.* § 2412(d)(2)(B)(ii). The Eligible Plaintiffs in this action are exempt from taxation under section 501(c)(3) of the Internal Revenue Code and

had fewer than 500 employees at the time this action was filed. *See* Declaration of Diane Yentel, ¶ 3; Declaration of Michael Lukens, ¶ 3; Declaration of Angelica Salas, ¶ 3; Declaration of Vikram Swaruup, ¶ 3; Declaration of Rachel Kafele, ¶ 3. The Eligible Plaintiffs have assigned any awards of fees and costs to their counsel, which prosecuted this case on their behalf pro bono.[1] *See* Yentel Decl. ¶ 5; Lukens Decl. ¶ 5; Salas Decl. ¶ 5; Swaruup Decl. ¶ 5; Kafele Decl. ¶ 5.

**C. The Eligible Plaintiffs are prevailing parties.**

The Eligible Plaintiffs are also "prevailing parties" entitled to seek fees under EAJA. As the First Circuit has explained, "[f]or purposes of a federal fee-shifting statute, a prevailing party is any party who 'succeeds on any significant issue which achieves some of the benefits plaintiffs sought in bringing suit.'" *Me. Sch. Admin. Dist. No. 35 v. Mr. R.*, 321 F.3d 9, 14 (1st Cir. 2003) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) (cleaned up); *accord, e.g.*, *Buckhannon Bd. Care & Home Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001) (a "prevailing party" is one who "has been awarded some relief by a court"). Here, the Eligible Plaintiffs are prevailing parties because the Court issued a final judgment declaring the PSLF Rule "unlawful" and ordering it to be "vacated" and "set [] aside." *NCN v. McMahon*, 836 F. Supp. 3d at 317-18. That relief provides the Eligible Plaintiffs "some of the benefits"—indeed, all of the benefits—that they "sought in bringing suit." *See Me. Sch. Admin. Dist.*, 321 F.3d at 14 (cleaned up).

**D. The government cannot show its position was substantially justified.**

To avoid an award of fees, "the government bears the burden of establishing that its position was substantially justified." *Castaneda-Castillo v. Holder*, 723 F.3d 48, 73 (1st Cir. 2013).

---

[1] Accordingly, Plaintiffs request that an order awarding fees direct that they be paid directly to counsel. *See Nee v. Kijakazi*, No. 20-cv-11837, 2022 WL 21770532, at *1 (D. Mass. Oct. 24, 2022) ("fees shall be paid directly to [plaintiff's] attorney" where plaintiff so "agreed").

It must "satisfy this burden by a preponderance of the evidence," and it must establish substantial justification both for the agency action underlying the litigation and for its litigating positions. *Id.*; *see also* 28 U.S.C. § 2412(d)(2)(D). To be substantially justified, the government's "positions must have a reasonable basis in both law and fact." *Castaneda-Castillo*, 723 F.3d at 73. In assessing substantial justification, courts "must examine the actual merits of the government's litigation position." *Saysana v. Gillen*, 614 F.3d 1, 5 (1st Cir. 2010) (cleaned up). Courts, moreover, "treat[] a case as an inclusive whole, rather than as atomized line-items." *Commissioner, INS v. Jean*, 496 U.S. 154, 161-62 (1990).

Applying these standards, the Department cannot demonstrate that its position was substantially justified. To begin, "there is no doubt that Congress spoke plainly and comprehensively on the scope of the term 'public service job'" in a manner that directly precluded the Rule's definition of qualified employer. *NCN*, 836 F. Supp. 3d at 305. "Defendants [did] not present a good faith argument to the contrary," *id.*, and indeed "present[ed] no response to [Plaintiffs'] textual and structural arguments," *id.* at 306. The positions taken by the agency both in the Rule itself and during litigation thus "lacked substantial justification because it was 'wholly unsupported by the text' of the applicable [statute]." *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 967 (D.C. Cir. 2004).

Likewise, the Rule's primary rationale—to prevent federal funds from subsidizing illegal activities—was not reasonably supported by record evidence. The "administrative record [did] not contain any facts that demonstrate that there [was] a present problem of PSLF employers having a 'substantial illegal purpose[.]'" *NCN*, 836 F. Supp. 3d at 309. Courts have "repeatedly held" that agencies lacked substantial justification where the "decisions were not based on substantial evidence." *Benally v. United States Off. of Navajo & Hopi Indian Relocation*, 154 F.4th 630, 639

(9th Cir. 2025); *accord Hadden v. Bowen*, 851 F.2d 1266, 1269 (10th Cir. 1988) ("The Second, Fourth, Fifth, Sixth and Eighth Circuits have all concluded that a lack of substantial evidence indicates . . . that the government's position concerning a claim was not substantially justified.").

The Rule further failed to provide a "rational connection" between the Rule's objective to "deter employment" at certain organizations and the PSLF statute's purpose to "encourage borrowers to pursue careers in public service." *NCN*, 836 F. Supp. 3d at 309 (emphasis in original). Nor did the Rule explain how it accomplishes the Department's stated goal even when that goal is taken on its own terms. Although the Rule purported to prevent taxpayer funds from going to organizations engaged in illegal activity, it "singl[ed] out" six narrow categories of purportedly illegal conduct that closely align with "specific social policies that the administration is against," while "excluding other serious and undisputed forms of illegal activity." *NCN*, 836 F. Supp. 3d at 310. Neither the Rule nor the Department's litigation position offered any explanation for this "unexplained line-drawing." *Id.* The "Department's only response" on this score was to summarily assert—without explanation or reasoned argument—that "the connection between the Rule's objective and its direction is plain." *Id.* at 311. Because the "government offered little to support this argument beyond vague hand-waiving," its position was not substantially justified. *Castaneda-Castillo*, 723 F.3d at 73 (cleaned up).

These flaws are compounded by yet others. For example, the Rule represents the "hallmark of arbitrary and capricious decision-making" because it "left employers to guess at their obligations while reserving broad discretion to determine eligibility on an ad hoc basis." *NCN*, 836 F. Supp. 3d at 313. The Rule pursued "policy objectives that Congress neither enacted nor identified as relevant" to the PSLF program. *Id.* at 314. And the Rule "burden[ed] protected

expression" in violation of the First Amendment in an effort to "force PSLF beneficiaries to adopt [the Department's] policy views." *Id.* at 315-16.

Taking in the totality of the Rule's flaws and treating the "case as an inclusive whole," *Jean*, 496 U.S. at 161-62, the Department's positions were not substantially justified because they lacked "a reasonable basis in [either] law [or] fact." *Castaneda-Castillo*, 723 F.3d at 73.

**E. No special circumstances make an award unjust.**

A fee award is also barred if "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). This exception looks to "equitable considerations" and "should be strictly construed." *Patricia H. v. O'Malley*, No. 1:23-cv-00117, 2024 WL 1701546, at *3 (D. Me. Apr. 19, 2024) (cleaned up). For example, it "may preclude an EAJA award where there is outrageous or inexcusable conduct on the part of the plaintiff or its counsel during litigation, or if the awarding of attorney's fees would result in an unjust hardship." *Id.* (cleaned up). The burden is on the government to show special circumstances. *Taucher v. Brown-Hruska*, 396 F.3d 1168, 1173 (D.C. Cir. 2005). Defendants have not and could not meet that burden here.

**II. Eligible Plaintiffs' requested amount is reasonable.**

The Eligible Plaintiffs request $101,782.02 in attorneys' fees and $4,273.74 in expenses. As set forth in the accompanying declarations, the fee amount was reached by multiplying the hourly rate of $267.57 by the 1,056.65 hours worked and discounting that number pursuant to the ratio of Eligible Plaintiffs. The hours expended, the hourly rate, and the expenses are all reasonable.

**A. The hours expended are reasonable.**

The EAJA entitles prevailing plaintiffs to recover fees "for all time reasonably expended on a matter." *Hensley*, 461 U.S. at 430 n.4 (cleaned up) (discussing fee awards under another fee-shifting statute); *see also Jean*, 496 U.S. at 161 (explaining that the "task of determining what fee

is reasonable" under EAJA "is essentially the same as that described in *Hensley*"). This includes time reasonably spent litigating a motion for fees. *Jean*, 496 U.S. at 162. The prevailing plaintiffs must document "the tasks performed, including the dates of performance, and the number of hours spent on each task[,] as well as a description of the nature of the tasks." *Castaneda-Castillo*, 723 F.3d at 79 (internal quotation marks omitted).

Detailed breakdowns of time expended are attached as exhibits to the declarations of counsel accompanying this motion. *See* Ex. 6, Declaration of Sarah Goetz, ¶ 6 & Exs. B-F; Ex. 7, Declaration of Winston Berkman-Breen, ¶ 3 & Ex. A. As explained in the declarations of counsel, the hours for which fees are sought were necessarily and reasonably expended. *See* Goetz Decl. ¶ 10; Berkman-Breen Decl. ¶ 9. Counsel expended reasonable amounts of time preparing the complaint, amended complaint, motion for summary judgment and response in opposition to the government's cross-motion for summary judgment and motion to dismiss, accompanying declarations, and reply brief, as well as reviewing the Department's lengthy administrative record (which totaled over 2,600 pages), preparing for the June 3 oral argument, and preparing this petition for fees, among other things. *See* Goetz Decl. ¶¶ 12-14. Moreover, Plaintiffs' counsel have exercised billing judgment and are not seeking fees for many additional hours' worth of work performed on this matter, including approximately 40 hours of time spent by paralegals and legal support staff. *See id.* ¶ 7.

Further, the Supreme Court has made clear that where, as here, "a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley*, 461 U.S. at 435. Here, the Eligible Plaintiffs have achieved excellent results because they prevailed on every claim they brought—*i.e.*, their contrary to law and exceeds statutory authority claims, their arbitrary and capricious claim, and their First Amendment claim—and the Court awarded the full relief sought.

*NCN*, 836 F. Supp. 3d at 317-18 (declaring the rule unlawful and setting it aside). This "excellent result[]" shows that the full amount of time expended "was reasonable in relation to the success achieved." *Hensley*, 461 U.S. at 435-36.

**B. An hourly rate of $267.57 is reasonable.**

The EAJA provides that attorneys' fee awards must "be based upon prevailing market rates for the kind and quality of the services furnished," but sets a statutory cap of "$125 per hour unless the court determines that" a higher fee is justified based on "an increase in the cost of living" or "a special factor." 28 U.S.C. § 2412(d)(2)(A). The First Circuit has awarded compensation at the EAJA statutory rate adjusted for the increase in the cost of living "based on the regional" Consumer Price Index (CPI) data compiled by the U.S. Bureau of Labor Statistics. *Castaneda-Castillo*, 723 F.3d at 76; *see also Carvalho v. Moniz*, No. CV 26-11583-LTS, 2026 WL 2660091, at *3 (D. Mass. Sept. 10, 2026) (adjusting the EAJA statutory rate to account for the cost of living). To calculate the applicable rate using the CPI method, the First Circuit divides the Consumer Price Index for All Urban Consumers (CPI-U) in the applicable region at the time the work was performed by the CPI-U in March 1996, when the $125 statutory cap was adopted. *Castaneda-Castillo*, 723 F.3d at 76. The CPI-U for the Northeast region was 349.552 in June 2026.[2] To "arrive at the EAJA's statutory cap for each of the relevant years, adjusted for inflation," the Court can divide that number "by 163.3 and multiply the results by $125." *Id.* Applying that formula, the appropriate adjusted rate is $267.57 per hour. Accordingly, the hours reasonably expended by counsel should be compensated at a rate of $267.57 per hour.

[2] This data is available on the Bureau of Labor Statistics' website. *Consumer Price Index for All Urban Consumers (CPI-U) 2016-2026*, U.S. Bureau of Labor Statistics, https://data.bls.gov/pdq/SurveyOutputServlet?data_tool=dropmap&series_id=CUUR0100SA0,CUUS0100SA0 (last visited Nov. 15, 2026).

**C. The requested expense amount is reasonable.**

The EAJA also entitles prevailing plaintiffs to recover "reasonable expenses . . . necessary for the preparation of the party's case." 28 U.S.C. § 2412(d)(2)(A). Among other things, the First Circuit has held that "attorney travel. . . may be recovered where appropriate as part of attorneys' fees under the typical fee-shifting statute." *Attrezzi, LLC v. Maytag Corp.*, 436 F.3d 32, 43 (1st Cir. 2006); *accord McDermott v. Marcus, Errico, Emmer & Brooks, P.C.*, 53 F. Supp. 3d 312, 324 (D. Mass. 2014) ("travel expenses are ordinarily part of an attorney's fee award").

A breakdown of the expenses sought is described in the declarations of counsel accompanying this motion. *See* Goetz Decl. ¶ 19. As explained in the Goetz Declaration, these expenses were necessarily and reasonably expended. *See id.* Indeed, Plaintiffs only seek expenses related to traveling to Boston for the June 3, 2026, hearing on the parties' motions for summary judgment. *Id.*

**D. The requested amount is discounted by the ratio of Eligible Plaintiffs.**

Courts reviewing EAJA petitions generally apportion the total attorneys' fees and expenses equally among eligible and ineligible plaintiffs, and order payment of fees to eligible plaintiffs according to their portion. *See, e.g., Sierra Club v. U.S. Army Corp. of Eng'rs*, 776 F.2d 383, 393-94 (2d Cir. 1985) (awarding EAJA fees based on ratio of eligible plaintiffs to total plaintiffs). Therefore, Eligible Plaintiffs here seek only their share—approximately 36 percent—of the value of their counsel's reasonably expended hours. Eligible Plaintiffs therefore ask for $101,782.02 based on 1,056.65 hours, at a rate of $267.57 multiplied by 0.36.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion and award Plaintiffs attorneys' fees under the Equal Access to Justice Act.

Dated: November 25, 2026

Respectfully submitted,

*/s/ Sarah R. Goetz*

Sarah Goetz*
Jennifer Fountain Connolly*
Victoria S. Nugent*
Simon C. Brewer*
Robin F. Thurston+
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Phone: (202) 448-9090
Fax: (202) 796-4426
sgoetz@democracyforward.org
jconnolly@democracyforward.org
vnugent@democracyforward.org
sbrewer@democracyforward.org
rthurston@democracyforward.org

Persis Yu (BBO #685951)
PROTECT BORROWERS (a fiscally sponsored project of the Shared Ascent Fund)
1025 Connecticut Ave NW, #717
Washington, DC 20036
Phone: (202) 618-1328
persis@protectborrowers.org

R. T. Winston Berkman-Breen*
PROTECT BORROWERS (a fiscally sponsored project of the Shared Ascent Fund)
40 Rector Street, 9th Floor
New York, NY 10006
winston@protectborrowers.org

*Counsel for Plaintiffs National Council of Nonprofits, City of Boston, City of Albuquerque, City of Chicago, Amica Center for Immigrant Rights, Coalition for Humane Immigrant Rights, Legal Aid Society of the District of Columbia, Oasis Legal Services, American Federation of Teachers, American Federation of State, County and Municipal Employees, National Education Association, and National Association of Social Workers*

* Admitted pro hac vice